UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILIP G. SAUNDERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-365** |
| **SHERIFF MARLIN GUSMAN** | **SECTION "J"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.   Factual Background

At the time of filing, the plaintiff, Philip G. Saunders ("Saunders), was incarcerated in the Orleans Parish Prison Tent City/Tent #4 in New Orleans, Louisiana.[1]  Saunders, a pretrial detainee, filed the captioned *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendant, Sheriff Marlin Gusman, the unidentified cooks who work in the kitchen at Orleans Parish Prison, and deputies that work with the clean up crews in the kitchen seeking damages because of the unsanitary conditions  used in the preparation and the distribution of the food to prisoners.  (R. Doc. 1.)

---

[1] Rec. Docs. Nos. 1, 6.

The plaintiff generally alleges that on September 20, 2009, he along with the other prisoners, were instructed to wake up for food distribution. Saunders alleges that he complied with the instruction and got up in an orderly fashion. He alleges that he was one of the first ten inmates to receive his meal. He alleges that the Tier Representative, Brian Dunbar, and his assistant, Alex Lee were serving the last 20-25 inmates when he heard an inmate scream that he found a roach in his food. He alleges that they all thought that it was a hoax until such time as the other inmates found pieces of roaches in their food. He alleges that he also thought that a roach was found in the pan that contained the food from which they were being served.

Saunders alleges that he notified the ranking officers and asked them to resolve this matter. The inmates were served from a different tray of food. He alleges that no one, including him, had the foresight to collect and save the specimen that they located in their food. According to Saunders, as a result of this experience, he continues to eat the food served at the prison but that he is fearful that it contains rodents.

Consequently, Saunders seeks damages in the amount of $150.00 per day for each day that he has to eat the prison food in fear. He also seeks damages for the mental anguish he experienced as a result of having been served food which he believes contained the leg of a roach.

**II.     Standard of Review**

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to sua sponte dismiss cases filed by prisoners proceeding in forma pauperis upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not sua sponte dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.   Analysis

Saunders filed the subject suit seeking damages for the unsanitary conditions of the food served at the Orleans Parish Prison. Saunders complains that on September 20, 2009, after he was served his food, another inmate in the jail screamed that he had a roach in his food. As a result, Saunders did not eat the food served. He reported the problem to the ranking officer who, according to Saunders, thereafter had the food served from a different pan. However, because of the fear that there was a rodent in the earlier pan, Saunders did not eat that day. He seeks damages for the fear he experiences as a result of having to eat the food at the prison and the concern that the food might contain a rodent.

Title 42 U.S.C. § 1997e(e) provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

In the instant case, Saunders does not allege that he sustained a physical injury as a result of the other inmate observing a roach in his food. To the extent he alleges that he observed upon closer

inspection the legs of a roach in his food and did not eat any of the food, he clearly had not sustained any form of physical harm. He alleges only that he is fearful of eating the food daily but he continues to eat the food for his sustenance. Therefore, the Court finds that his claims against Sheriff Gusman, the unidentified prison cooks, and the deputies who work with the kitchen cleaning crew should be dismissed pursuant to 28 U.S.C. § 1915e(2) and 42 U.S.C. § 1997(e)(1) as they are frivolous and fail to state a claim for which relief may be granted.

### A. Sheriff Gusman

Even assuming that Saunders could point to some injury that was more than *di minimus*, the claim against Sheriff Gusman still is subject to dismissal because the complaint fails to state a claim against him. The plaintiff seemingly named the Sheriff as a party because he is responsible for the jail and its operations. Presumably, he is responsible for the actions of the kitchen staff and the lack of sanitary conditions. However, Sheriff Gusman is not liable as a supervisory official.

A supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

Saunders has not alleged that Sheriff Gusman was personally involved in the acts about which he complains. An official is deliberately indifferent to an inmate's safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards

that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Saunders has not alleged that Sheriff Gusman was in any way, personally aware of the risk of any harm resulting from rodents are bugs in the prison food.

Saunders does not allege that Sheriff Gusman was present for, or personally involved in, the alleged failure to protect him from the inmate who attacked him. Saunders also has not alleged that he has suffered any injury as a result of any directive, supervised training or activity, or other policy set forth by Sheriff Gusman which would create vicarious liability. See *Bryant v. Lafourche Parish Det. Ctr.,* No. 09-7345 2010 WL 1978789 (E.D. La. April 23, 2010)(Roby, J.); See also *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir.1991); *Johnson v. Moore,* 958 F.2d 92, 94 (5th Cir. 1992); see also *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir.1996).

Instead, Saunders names Sheriff Gusman simply because he is the Parish sheriff. Thus, Saunder's claims against Sheriff Gusman are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

    **B.**    **Unidentified Parties**

Further, even assuming that Saunders could point to some injury that was more than *di minimus*, the claim still is subject to dismissal because the complaint fails to state a claim against the unidentified kitchen cooks and the deputies who worked with the cleaning crews. A Section 1983 action must be filed against an actual identified person. Because Saunders cannot pursue a lawsuit against unidentified individuals, the claims against the unidentified defendants should be dismissed as frivolous and for otherwise failing to state a claim upon which relief can be granted. *August v. Gusman*, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, Civ.

Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); *Vollmer v. Bowles*, Civ. Action No. 3:96-CV-0081,1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997).

### IV.     Recommendation

It is therefore **RECOMMENDED** that Philip G. Saunders's Complaint be **DISMISSED** as frivolous pursuant to Title 28 U.S.C. § 1915e(2) and 42 U.S.C. § 1997(e)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 7th day of December, 2010.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.